IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSHAY JOHNSON

    Petitioner,                      No. 2:12-cv-2230 CKD P

    vs.

V. SIGHN,                               <u>ORDER AND</u>

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief.

        The court shall entertain an application for writ of habeas corpus by a state prisoner only if it is alleged that the prisoner is in custody in violation of federal law. 28 U.S.C. § 2254(a). In a federal habeas proceeding, a state prisoner can challenge the fact that he is confined or the duration of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991).

        Petitioner asserts he is serving a sentence of life imprisonment with the possibility of parole for committing attempted murder. He alleges that at a parole hearing in 2009, he was told that one of the reasons he was being denied parole is because he suffered from "antisocial

personality disorder." In an attempt to rehabilitate himself, petitioner has attempted to receive treatment for "antisocial personal disorder" at his prison, but has been denied. Petitioner suggests that his continued confinement without treatment for his "personality disorder" violates the Due Process Clause of the Fourteenth Amendment.

Petitioner does have a liberty interest in parole protected by the Due Process Clause. Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011). However, the procedural protections which must be afforded with respect the liberty interest implicated are minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied." Id. at 862. Petitioner does not have a right protected by the Due Process Clause to be rehabilitated so that he may be paroled and the fact that petitioner is not receiving treatment for his "personality disorder" does not otherwise render his being confined unconstitutional. For these reasons, it is plain that petitioner fails to present a valid challenge to the fact that he is confined or to the length of his confinement.[1]

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

---

[1] To the extent petitioner seeks only medical treatment and not earlier release from prison, he may bring an action pursuant to 42 U.S.C. § 1983 for a violation of the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. Petitioner is cautioned that there is a $350 filing fee for § 1983 actions, which petitioner would be allowed to pay in installments he can afford.

days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
john2230.dis